HARRY PINSKY & SON COMPANY, RESPONDENT, v.
EDWIN J. GORMAN, APPELLANT.

Argued March 6, 1923—Decided April 20, 1923.

On appeal from the Supreme Court, in which the following
*per curiam* was filed:

"This was an action brought by the plaintiff against the
defendant to recover the contract price paid by him for the
purchase from the defendant of the latter's 'agency for the
Victor Talking Machine Company's products heretofore car-
ried on by the said Gorman at No. 741 Haddon avenue, in the
borough of Collingswood, together with the fixtures and ap-
purtenances to the said agency, consisting of the following,'
&c., 'together with the good-will of the said agency and the
right to use the name under which the said Gorman has been
transacting the said business, viz., the Collingswood Talking
Machine Company.' The case averred and proved by the
plaintiff was that the defendant at the time of the making of
the contract and the payment of the consideration did not
have 'the agency for the Victor Talking Machine Company's
products,' but was merely a customer of that corporation who,
like certain other of its customers, received certain favors
from it. The defence was that, although no agency had been
created by any act of the Victor Talking Machine Company,
yet the course of business between that corporation and the
defendant justified the implication that an agency existed.

"The trial resulted in a verdict in favor of the plaintiff for
the moneys paid by him on the contract, and the defendant
appeals from the judgment entered on the verdict.

"Numerous grounds of reversal are specified, but they are
all based upon the theory that at the time of the making of
the contract the defendant was in fact the agent for the
Victor company at Collingswood, and that as there was no
suggestion that he was in default in failing to turn over the

business, good-will and fixtures, the verdict should have been in his favor. We cannot concur in this view. The proof was conclusive that no such agency existed in fact, and this being so, there could be no transfer of it, or of any good-will attached to it. The fact that the defendant was willing to turn over his business and the good-will of that business to the plaintiff was immaterial, for that was not what the plaintiff agreed to purchase, or what the defendant agreed to convey. The defendant, as we have already indicated, was merely a favored retailer, practically doing all of the Victor business in the locality; but there is a marked distinction between a favored retailer and a selling agent. As a general rule, the agent sells the products of his principal, the title to which remains in the principal until sold, the agent receiving a commission or salary for making the sale, while, on the other hand, the favored retailer buys the products with his own funds and makes his profits by the resale to his customers.

"We conclude that, for the reason indicated, the judgment under review should be affirmed."

For the appellant, *Lewis Starr*.

For the respondent, *William Early* and *D. Trueman Stackhouse*.

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, HEPPENHEIMER, GARDNER, ACKERSON, JJ.   10.

*For reversal*—WHITE, VAN BUSKIRK, JJ.   2.